# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ASSOCIATION OF COMMUNITY )
ORGANIZATIONS FOR REFORM )
NOW et al., )
)
)
        Plaintiffs, )
)
  v. ) Case No. 08-CV-4084-NKL
)
DEBORAH E. SCOTT, )
et al., )
)
        Defendants. )

## ORDER

Pending before the Court is Defendants St. Louis City Board of Election Commissioners', Scott Leiendecker's, Mary Wheeler-Jones', Carol A. Wilson's, Eileen M. McCann's, Jack Lary's, and Clarence E. Dula's ("St. Louis Election Board") Motion to Compel Joinder of the Secretary of State as an Additional Party Defendant [Doc. # 108]. For the reasons given herein, the Defendants' motion is denied.

## I.    Background

On August 23, 2007, Plaintiffs Association of Community Organizations for Reform Now ("ACORN") sent a letter to Missouri Secretary of State Robin Carnahan ("Secretary") and Director of Missouri's Department of Social Services ("DSS") Deborah E. Scott ("Scott") stating that DSS was in violation of Section 7 of the National Voter Registration Act ("NVRA") for failing to provide certain voter registration materials and services at

1

public assistance agencies in Missouri. The Secretary had previously expressed concern with DSS's compliance before ACORN's August 23, 2007 letter, most recently on March 29, 2007. On October 11, 2007, Scott responded to ACORN's letter attributing declining registration numbers in Missouri's public agencies to increased use of on-line services. (Compl. Ex. B).

In spring 2007, Dionne O'Neal ("O'Neal"), a resident of St. Louis - who is eligible for public assistance, meets all qualifications to vote but is not registered to vote - visited a DSS office to re-certify for public assistance benefits. (Compl. ¶41). On that and other occasions, no one from DSS asked if she was registered to vote or if she wanted to apply to register to vote; she was not given any document that asked if she was registered to vote, whether she needed to update her voter registration for her current address, or whether she would like to apply to register to vote at the DSS office on that day. On that occasion and each prior occasion, neither the DSS employee who assisted her nor any other DSS employee offered to give her a voter registration application.

On April 23, 2008, ACORN and O'Neal filed a complaint against Scott, Janel Luck ("Luck"), the director of the Family Support Division of the DSS, as well as the Jackson County, Kansas City and St. Louis City Election Boards. (Compl. ¶¶ 11, 12). ACORN and O'Neal seek declaratory and injunctive relief to secure DSS's compliance with the NVRA. (Compl. ¶ 56).

**II.     Discussion**

Elections in Missouri are administered by 116 local election authorities, three of

which - Jackson County, Kansas City and St. Louis - are also defendants in this action. *See United States v. Missouri*, No. 05-4391-CV-C-NKL, 2007 WL 1115204 (W.D. Mo. April 13, 2007) (describing local election authorities' role in Missouri elections), *rev'd*, 535 F.3d 844 (8th Cir. 2008).[1] Section 7 of the NVRA requires states to designate as voter registration agencies "all offices in the State that provide public assistance," and to make certain voter registration services available at those offices. 42 U.S.C. §§ 1973gg-5(a)(2), (4), and (6). Missouri enacted implementing legislation which delegated to local election authorities the duty to: "instruct and direct . . . deputy registration official[s] in the performance of [their] duties, including those agencies mandated and optional . . . under the [NVRA] and to supply each deputy with the proper registration forms and other necessary supplies[.]" Mo. Rev. Stat. § 115.145.2. ACORN and O'Neal allege that the local election authorities have failed to fulfill their obligations under NVRA and Missouri's implementing statutes to "instruct and direct" deputy registration officials and mandated state agencies like DSS in their duties. *Id.*

In Defendants' motion to join the Secretary as a party, St. Louis City Election Board argues that "[n]o provision of the NVRA or Missouri's Revised Statutes require the

---

[1]The Eighth Circuit's opinion in that case recognized that "Missouri could not be [held] responsible for enforcement of the NVRA against local election authorities," even though local election authorities' noncompliance was relevant to a determination of whether the State had fulfilled its own obligations under the NVRA to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters[.]" *Id.* at 847–848, 851. This Court and the Eighth Circuit recognized in that case that direct actions by local prosecutors and the U.S. Government against local election authorities for violations of the NVRA were available. *Id.* at 851, 851 n.3. Here, ACORN and O'Neal are suing the local election authorities, not the Secretary of State, for their alleged violations of Section 7 of the NVRA.

3

individual election boards to engage in any of the conduct Plaintiffs allege they have failed to do under the NVRA[.]" (Def.'s Mot. 6). Defendants argue that they have no responsibility to do the things Plaintiffs' Complaint would require of them, and that they do not have the authority to enforce the NVRA's provisions against State agencies or their employees. *Id.* at 11. While St. Louis Election Board may not have the authority to enforce the statutes against DSS employees, local election authorities are required under Section 115.145.2 of Missouri's Revised Statutes to instruct and direct deputy registration officials. Plaintiffs have made no claims against the Secretary; their Complaint does not allege that she has failed to fulfill her responsibilities under the NVRA or Missouri's statutes, and it requests no relief from her.

> Rule 19 of the Federal Rules of Civil Procedure provides, in relevant part:
>
> (a) Persons Required to Be Joined if Feasible.
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > > (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> Fed. R. Civ. P. 19.

The Secretary's absence from this litigation does not affect this court's ability to

4

accord complete relief among existing parties. Plaintiffs have sued local election authorities – including St. Louis Election Board – and Defendants Scott and Luck, in their capacities as Director of the Missouri Department of Social Services and the Directors of the Family Support Division of the Department of Social Services, respectively, for their *own* violations of the NVRA and Missouri's implementing statutes. The Secretary lacks authority under Missouri law to sue local election authorities to force them to comply with the NVRA, and St. Louis Election Board does not indicate why the Secretary's presence would be necessary to accord the Plaintiffs' relief with respect to their claims against Defendants Scott and Luck. Joinder of the Secretary is not required by Rule 19(a)(1)(A).

Furthermore, the Court's resolution of the Plaintiffs' claims will not "as a practical matter impair or impede the [Secretary's] ability to protect" her interest in performing her duties under the NVRA; it will merely determine whether or not the Defendants are themselves in violation of the NVRA and Missouri's implementing statutes. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Neither will the absence of the Secretary "leave an existing party subject to a substantial risk of . . . inconsistent obligations[.]" Fed. R. Civ. P. 19(a)(1)(B)(ii). The duties of the local election authorities stem from federal and state statutes – the NVRA and Missouri's implementing statutes. The Secretary's authority to "creat[e] and implement[] rules regarding the requirements of the NVRA" will not subject St. Louis Election Board to a substantial risk of inconsistent obligations. (*See* Def.'s Mot. 7–8). Plaintiffs' claims against the local election boards, Scott, and Luck stem from each Defendant's own individual responsibilities under the NVRA and Missouri law. St. Louis Election Board does not

5

explain – and the Court fails to see – how the Secretary's authority to enact rules regarding NVRA requirements will in any way be inconsistent with local election authorities' responsibilities under Missouri law or the NVRA, much less that such a risk of inconsistent obligations would be 'substantial' as required by Rule 19. The Secretary is not a necessary party under Rule 19.

Alternatively, St. Louis Election Board seeks to join the Secretary as a party under Rule 20. Rule 20 allows plaintiffs to join in one action all parties against whom they have claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" and where there is "any question of law or fact common to all defendants[.]" Fed. R. Civ. P. 20(a)(2). Rule 20 is a right belonging to plaintiffs; "[i]t may be used by a defendant only if the defendant has asserted a counterclaim or cross-claim in the action." *Chao v. St. Louis Internal Medicine*, No. 4:06-CV-847 CAS, 2007 WL 29674, *2 (E.D. Mo. Jan. 3, 2007) (citing 4 James Wm. Moore, et. al., *Moore's Federal Practice*, § 20.02[1][b] (3d ed. 2006)). Joinder under Rule 20 is therefore unavailable to a defendant seeking to join additional defendants to an action. *Id.*

Because the Secretary is not a necessary party to this action under Rule 19, and because Rule 20 may not be used by St. Louis Election Board to join a party defendant, the Court will not join the Secretary as a party to this action.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion to Compel Joinder of the Secretary of State as

an Additional Party Defendant [Doc. # 108] is DENIED.

                                                 s/ NANETTE K. LAUGHREY
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated: December 17, 2008
Jefferson City, Missouri